PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE __EASTERN__ DISTRICT OF TEXAS

__TYLER__ DIVISION

*[Stamp: CLERK, U.S. DISTRICT COURT RECEIVED SEP 23 2019 EASTERN DIST. OF TEXAS]*

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__JOHN LOUIS ATKINS__　　　　　　　　__Coffield Unit__
PETITIONER　　　　　　　　　　　　　CURRENT PLACE OF CONFINEMENT
(Full name of Petitioner)

VS.　　　　　　　　　　　　　　　　　__2184778__
　　　　　　　　　　　　　　　　　　PRISONER ID NUMBER

__BRYAN COLLIER - DIRECTOR T.D.C.J.__　__6:19cv437 JDK/KNM__
RESPONDENT　　　　　　　　　　　　CASE NUMBER
(Name of TDCJ Director, Warden, Jailor, or　(Supplied by the District Court Clerk)
authorized person having custody of Petitioner)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☑ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _104th District Court of Taylor County, Abilene Texas: Case No. 20106-B_

2. Date of judgment of conviction: _February 2, 2018_

3. Length of sentence: _67 years_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _Only T.D.C.J. Disciplinary proceeding No. 20190037407_

-2-

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one) ☒ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☒ Jury ☐ Judge Only

7. Did you testify at trial? ☐ Yes ☒ No

8. Did you appeal the judgment of conviction? ☒ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? Court of Appeals Eleventh District- Eastland, Tx. Cause Number (if known): 11-18-00056-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Still pending

   What was the date of that decision? appeal is still pending in Eleventh Dist. Ct.

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: N/A, direct appeal still in progress

   Result: _____

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☒ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: N/A

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: __N/A_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: __N/A_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☒ Yes ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: U.S. District Court, Northern Dist. of Texas Abilene Division : Case Nos: 1:15-cr-0052-O %o 1:15-cr-0053-O

   (b) Give the date and length of the sentence to be served in the future: Found guilty on 07/10/2016, supervised release revoked, sentenced to 48 months

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☒ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _No State of Texas parole is involved_

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☒ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _Coffield Unit, 2661 FM 2054, Tennessee Colony, TX 75884_

    Disciplinary case number: _20190037407_

    What was the nature of the disciplinary charge against you? _Alleged possession of cell phone_

18. Date you were found guilty of the disciplinary violation: _October 18, 2018_

    Did you lose previously earned good-time days? ☒ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _180 Days_

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _Custody status increased to level 4, cell restriction for 30 days, all privileges taken for 30 days, moved to more restrictive housing for period of at least one year - all still pending now._

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☒ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _Contrary to facts of case, they (T.D.C.) contend there was sufficient evidence_

-5-

Date of Result: 10/23/18

Step 2 Result: a "Rubber stamp" of the Step 1 appeal - same conclusion.

Date of Result: 11/14/18

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** T.D.C.J. officials filed false charges premised upon Tex. Penal Code § 38.11 with no evidentiary support.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   See attached pages 1 and 2

B. **GROUND TWO:** Denial of the 14th Amendment's Due Process clause, both procedural and substantive due process

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   See attached pages 3 and 4

C. **GROUND THREE:** Denial of State created liberty interests

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attached page 5

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: Restore 180 days good time unjustly taken. Moved from this Coffield unit elsewhere so I don't have to suffer further retaliation from Officials at Coffield unit, as has been the case since this incident occurred, and expunge the record.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☒ Yes ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.
All of them, as this is the first petition filed on this matter, and hopefully the last.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Direct Appeal as stated in No. 9 of this petition

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: N/A

    (b) At arraignment and plea: N/A

    (c) At trial: N/A

    (d) At sentencing: N/A

    (e) On appeal: N/A

    (f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

It has been less than one year (November, 14, 2018) so I assume this petition is timely filed. And;
There are no State Court remedies available for disciplinary appeals in Texas.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _____September 18, 2019_____ (month, day, year).

Executed (signed) on _____September 18, 2019_____ (date).

_____John J. Atkins_____
Signature of Petitioner (required)

Petitioner's current address: _Coffield Unit, 2661 FM 2054_
_Tennessee Colony, TX, 75884_

-10-

## A. GROUND ONE: T.D.C.J. Officials filed false report:

In this disciplinary case under review (No. 20190037407), it appears that: Abilene Texas Police Department personnel contacted T.D.C.J officials and sent a portion of a text message acquired from the petitioner's eldest Son's (Adam Atkinr) cell phone. Adam resides in Fargo, North Dakota, and why he contacted the A.P.D. (whom have no jurisdiction in this matter) is out of a retalitory motive for petitioner filing a complaint against Adam for the taking and concealment of petitioner's Ford F-350 welding service truck.

Beyond a glimpse at a 16 inch computer screen from about 8 feet away, petitioner has no idea what other evidence may have been relied upon for T.D.C.J. Captain Mc Neil's conclusion that petitioner "conspired to use a cell phone with an unknown offender," as no other evidence was presented at the October 18th 2018 hearing, besides Mc Neil's ramblings about possible scenarios of how such a text may have came about. The portion of the text message that the petitioner was shown on October 3rd 2018 (while being interrogated in the Captain's office by Major Wheat) consisted of a "print-out" allegedly taken from a texting conversation between Adam and an unknown third party from an unknown location and unknown date. The relevant portion of the text stated something similar to: "Your father is trying to contact you about his welding truck." This can [only] imply that a third party possesses the phone-not petitioner; and there is no proof that the call-text's origin was from inside the Coffield unit. Petitioner told Major Wheat that he did not ever see or possess a cell phone while in T.D.C. custody, and pointed to the facts just stated, where essentially this call could have been

1

placed from an outside source 3 days ago, or 3 years ago. Major Wheat was hellbent on finding a cell phone, and stated that my cell is currently being searched, and my property is being rolled-up, and your going to 6-wing (the dungeon). Then Wheat stated: "If you don't have a cell phone, give me a name or a cell number so I can have a cell phone by tomorrow morning, and let you back into population in 30 days or so." Reasonably, I could not give the Major a name or cell number because I had no knowledge of any inmate in possession of a cell phone. It was absurd, and my cell on 2-wing was search on that day (October 3rd) and once again on October 10th on 6-wing, and no evidence of a cell phone was ever found.

Apparently after petitioner was escorted to pre-hearing detention and housed in a cell with no light fixture, Captain McNeil drafted the disciplinary report that basically stated: "Offender Atkins did conspire with unknown offender to use a cell phone... in violation of Texas Penal Code § 38.11; a felony." This statement in the charging document was not based upon any facts, it was a conclusion, and an incorrect conclusion at that. Even under the "some evidence" standard, there is insufficient evidence of a felony offense under Texas Penal Code 38.11; this is no less than a malicious prosecution premised upon no evidence that petitioner "conspired to use a cell phone with an unknown offender..."

Last, it appears to be common practice at the Coffield unit to file false information within disciplinary reports, and I can prove my allegations with 4 separate disciplinary reports premised upon refusing housing that were generated between June 2019 and August 2019, where all these reports were dismissed.

2

**B. GROUND TWO:** Denial of procedural due process of law:

a) According to T.D.C.J. Disciplinary Rules and Procedures of Offender handbook; (February 2015 ed.), on page 5, Section II, Prehearing Detention; (B) Time limits: "Whenever possible, the hearing shall be held within 72 hours of the offender's placement in prehearing detention. If the offender is not given a hearing within 72 hours, the reason for the delay shall be included in the record of the hearing." In Atkins circumstance he was placed in prehearing detention on the afternoon hours of October 3rd, and did not receive a hearing until October 18th, clearly beyond the 72 hour requirement. Subsection 2: "If the offender has not had a disciplinary hearing within 10 days, the offender shall be released from prehearing detention..." The 3rd of October through the 18th of October [is] more than 10 days, and Atkins never received a hearing, or was released as per procedure requires. Subsection 3: To my knowledge, there was no "warden's certification in writing" to extend the 10 day requirement. In other words, prehearing detention exceeded clearly established procedure.

b) Non-impartial fact-finder or D.H.O., as several times during my attempted testimony the D.H.O. (Captain Bales) outright told me to "shut-up" when I was attempting to make a relevant point in support of my defense, and turned off the recording device to cuss me out and repremand me for statements involving the evidence, or lack of. The D.H.O. denied my request to have officials present the text message evidence at the hearing. The hearing itself was a total mockery of the concept of due process by any reasonable standard and I was severly frustrated with having to sit through such a procedure, so upon completion of the hearing, and absurd

3

and arbitrary finding of guilt premised solely upon Captain McNeil's conclusions of what might have occurred, I made the statement that: "this result does not surprise me coming from a kangaroo court." D.H.O. Bales responded: "I hope you get fucked up the ass bitch," as I was being escorted from the hearing. All fairly clear signs that the D.H.O. was not impartial.

c) According to Section VI; Major Disciplinary Hearing: Procedures for Actual Hearing, Subsection B (p. 15 Disciplinary Rules Handbook) Presentation of Evidence: Atkins asserts that the entire written procedure was ignored by the D.H.O. at this hearing. T.D.C. officials never presented any evidence relevant to the charged conduct under Texas Penal Code §38.11, beyond Captain McNeil's ramblings about his conclusions of what may have happened via different scenarios he proposed. T.D.C.'s burden of proof, or standard of guilt is: "preponderance of credible evidence" (p. 17 Disciplinary Handbook)

d) Subsect D, "Recorder," was not met, as D.H.O. Bales randomly turned off the recorder throughout the hearing, violating their own policy (see sentence 2), "The recording shall not be turned off at any time during the taking of evidence, regardless of the D.H.O.'s opinion concerning the relevance of the testimony."

e) Subsection E, Written Statement: "At the conclusion of the hearing, the offender shall be given a copy of the written record of the hearing." To this date, Atkins never received a copy of this document, or any other document generated at or about the circumstances of this hearing, even after numerous attempts and subsequent grievances filed (step 1 and step 2). T.D.C. would not provide me with a copy of anything, because of indigency.

4

**C. GROUND THREE:** <u>Denial of State created liberty interest.</u>

The length of Atkins time in the custody of T.D.C. authorities was lengthened by 180 days due to false charges - etc. It affected Atkins right to be free from arbitrary decisions manifested by a biased fact-finder and overzealous ranking officials that were hell bent on being "right" (as they are perfect, and can not make errors in their judgments). Atkins has a right to be free from a more restrictive environment based on a malicious prosecution imposed without the required process created by the government.

Respectfully submitted by:
John L. Atkins, pro se.

Dated and signed this 18th day of September 2019.

To the best of Atkins knowledge, the foregoing is true and correct, pursuant to: 28 U.S.C. § 1746.

John L. Atkins, #2184778
Coffield unit
2661 FM 2054
Tennessee Colony, Tx. 75884

5

Office of the Clerk
United States District Court
Eastern District of Texas

RE: Filing Section 2254; John Louis Atkins v. Bryan Collier.

Dear District Court Clerk,                    September, 18, 2019

   I have enclosed a petition for a writ of Habeas Corpus, 28 U.S.C. 2254 with 5 pages as attachments to that document. I have also enclosed an application in forma pauperis that includes the required 6 month inmate trust fund statement.
   If perhaps any questions or concerns come about, please do not hesitate to contact me at the address I have provided below:

                                     Respectfully Submitted by:
                                     John L. Atkins, pro se.

{
John L. Atkins, #2184778
Coffield unit
2661 FM 2054
Tennessee Colony, Tx. 75884
}



CLERK, U.S. DISTRICT COURT
RECEIVED
SEP 23 2019
EASTERN DIST. OF TEXAS

John L. Atkins #2184778
Coffield unit
2661 FM 2054
Tennessee Colony, TX. 75884

Clerk
United States District Court
Eastern District of Texas
211 W. Ferguson Street, Rm. 106
Tyler, TX. 75702

CLERK, U.S. DISTRICT COURT
RECEIVED
SEP 23 2019
EASTERN DIST. OF TEXAS