# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JOHN LOUIS ATKINS, #2184778 | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv437 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER DENYING MOTION FOR LEAVE TO APPEAL
## *IN FORMA PAUPERIS* ON APPEAL

Before the Court is Appellant's motion for leave to appeal *in forma pauperis*. Docket No. 30. The history of the case reveals that Appellant's petition for a writ of habeas corpus was denied and his case was dismissed with prejudice on June 8, 2020. An order denying a certificate of appealability was issued at that time. Because Appellant has not shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed *in forma pauperis* on appeal. *United States v. Delario*, 120 F.3d 580, 582 (5th Cir. 1997). Furthermore, for reasons stated in the Report and Recommendation (Docket No. 16), adopted in the Order of Dismissal, the Court certifies that Appellant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 201 n.21 (5th Cir. 1997) (To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). It is accordingly

**ORDERED** that the motion for leave to appeal *in forma pauperis* (Docket No. 30) is **DENIED**.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Appellant may challenge this finding pursuant to *Baugh*

*v. Taylor*, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.  The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if Appellant moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

Appellant John Louis Atkins, #2184778, is assessed an initial partial fee of $0.  The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, Appellant shall pay $505.00, the balance of the filing fees, in periodic installments.  Appellant is required to make payments of 20% of the preceding month's income credited to Appellant's prison account until Appellant has paid the total filing fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2) and forward it to the Clerk of the district court.

If Appellant moves to proceed on appeal *in forma pauperis*, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

So **ORDERED** and **SIGNED** this **11th**  day of  **September, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE